Filed 1/14/14  P. v. Walker CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058875 |
| v. | (Super.Ct.No. SWF1201750) |
| RANAIER LEE WALKER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Elaine M. Johnson, Judge.  Affirmed.

Patricia Ihara, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Ranaier Lee Walker appeals after the trial court revoked his probation and imposed a stipulated term of imprisonment.  We affirm.

1

## FACTS AND PROCEDURAL HISTORY

In August 2012, the Riverside County District Attorney filed a felony complaint alleging two counts of unlawful taking or driving of a motor vehicle (Veh. Code, § 10851, subd. (a)), and one count of grand theft (Pen. Code, § 487, subd. (a)).

At an early stage of the proceedings, defendant elected to plead guilty to count 1 (one of the vehicle theft counts) and count 3 (grand theft). Count 2 was dismissed in the interest of justice. Defendant was granted formal probation for 36 months on specified terms and conditions. Among other conditions, defendant was committed to the custody of the sheriff for 150 days. Defendant was awarded credit under Penal Code section 4019 for 11 actual days and 10 conduct credit days, for a total of 21 days against his 150-day commitment. Defendant therefore owed a net time of 129 days to be served in the Sheriff's Labor Program. The plea agreement specified that, should probation be revoked and sentence imposed, the maximum possible custody time for the admitted charges was three years eight months imprisonment.

On January 17, 2013, the prosecutor filed a petition for hearing on an alleged violation of probation because defendant failed to appear to start serving his 129 days. The court revoked defendant's probation pending the violation hearing. Eventually, defendant admitted the violation of probation, and the court reinstated him on probation, on much the same terms and conditions as before, although with an additional term of 215 days in custody.

In February 2013, the prosecutor filed another petition for hearing on violation of probation because defendant had failed a drug test and failed to comply with other aspects of his supervised probation. The court ordered defendant's probation revoked pending the hearing. Defendant again admitted the probation violation. The court this time did not reinstate probation, but instead vacated the grant of probation and imposed a county jail sentence of three years (aggravated term) on count 1 and eight months (one-third the middle term) on count 2, to run consecutively to count 1. The court determined that defendant had served presentence time of 70 days, and awarded an additional 70 days of conduct credits, for a total of 140 days credit against his sentence.

Defendant filed a notice of appeal.

ANALYSIS

This court appointed counsel to represent defendant on his appeal. Counsel has now filed a brief under authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a brief summary of the facts and procedural history, but raising no substantive issues. Counsel has requested this court to undertake a review of the entire record.

Defendant has been offered an opportunity to file a personal supplemental brief, which he has not done. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record and find no arguable issues.

The only matters that appointed counsel suggested as possible arguable issues were whether the trial court properly calculated defendant's presentence credits, and

3

whether defendant was properly advised of his constitutional rights and the consequences of his plea before he pleaded guilty to counts 1 and 3.

The trial court correctly awarded defendant one-for-one presentence custody credits under Penal Code section 4019; defendant received 70 days of actual custody credit and 70 days of conduct custody credit. The record also shows that the trial court made a full inquiry into defendant's advisements and his understanding of those advisements.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:


HOLLENHORST
            Acting P. J.


KING
            J.